UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02054-ODW (BFMx) | Date | August 25, 2025 |
|---|---|---|---|
| Title | *Javier Ceja Gonzalez et al. v. Kristi Noem et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**                     **In Chambers**

       Petitioners Javier Ceja Gonzalez, Reynaldo Cuervo-Silverio, Mario Francisco Garcia Aguilar, Gregorio Martinez Zamora, Juan Francisco Donis-Mancilla, and Marlon Adilson Velasquez Cinto are foreign nationals taken into physical custody and detained at the Adelanto ICE Processing Center in Adelanto, California. (Pet., ECF No. 1.) Each were arrested by Homeland Security Investigations ("HSI"), ICE, or Border Patrol agents in Los Angeles County and Orange County. (*Id.* ¶¶ 14–19.) Based on a new ICE "Interim Guidance Regarding Detention Authority for Applications for Admission" ("New Policy"), Petitioners were categorized as "applicants for admission" under 8 U.S.C. § 1225" and denied bond hearings. (*Id.* ¶¶ 5, 14–19, 35.)

       On August 7, 2025, Petitioners filed a Petition for Writ of Habeas Corpus on the grounds that their detention violates 8 U.S.C. § 1226(a); the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); and their Fifth Amendment Right to Due Process. (*Id.* ¶¶ 74–84.) Petitioners seek the following relief: (1) a Writ of Habeas Corpus requiring Respondents to release Petitioners or, in the alternative, provide Petitioners with a bond hearing, (2) attorneys' fees and costs under the Equal Access to Justice Act, and (3) any other relief the Court deems just and proper. (*Id.*, Prayer for Relief.) On the same day, Petitioners filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause. (TRO, ECF No. 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-02054-ODW (BFMx) | Date | August 25, 2025 |
|---|---|---|---|
| Title | *Javier Ceja Gonzalez et al. v. Kristi Noem et al.* | | |

On August 13, 2025, the Court granted the TRO. (Order Granting TRO, ECF No. 12.) The Court ordered Respondents to release Petitioners or, in the alternative, provide each Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the order and enjoined Respondents from relocating Petitioners outside of the Central District of California pending final resolution of this case. (*Id.* at 12.) The Court also ordered Respondents to show cause in writing why the Court should not issue a preliminary injunction. (*Id.*)

The parties responded to the Court's order to show cause. (Resp'ts' Opp'n, ECF No. 13; Resp'ts' Suppl. Opp'n, ECF No. 14; Pet'rs' Reply, ECF No. 15.) Respondents argue that there is no longer a live controversy as, on August 18 and August 19, 2025, Petitioners were provided bond hearings, and all six Petitioners have been ordered released on bond by an immigration judge. (Resp'ts' Opp'n 1, 5; Resp'ts' Suppl. Opp'n 1.) In response, Petitioners request that the Court enjoin Respondents from re-detaining Petitioners during the course of this litigation. (Pet'rs' Reply 1.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Here, Petitioners requested a bond hearing or release, (Pet., Prayer for Relief), and there is no dispute that they have been granted this relief, (Resp'ts' Opp'n 1). Petitioners argue that there is still a live controversy because Respondents "have not disavowed" the New Policy. (Pet'rs' Reply 3.) But Petitioners did not seek such relief in their Petition or TRO, nor do they explain in their Reply how the New Policy applies to Petitioners now that they have been released from custody. Accordingly, the Court **DENIES AS MOOT** Petitioners' request for preliminary injunction and **VACATES** the preliminary injunction hearing on this case. Petitioners may seek relief from the Court should they be re-detained by immigration officials and held without bond pursuant to the New Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02054-ODW (BFMx) | Date | August 25, 2025 |
|---|---|---|---|
| Title | *Javier Ceja Gonzalez et al. v. Kristi Noem et al.* | | |

Petitioners are ordered to show cause, in writing only, why the Court should not dismiss the Petition as moot in light of Petitioners' release on bond. Petitioners shall file their response to this order by **September 1, 2025**. Respondents may file a reply by **September 8, 2025**. No hearing will be held.

**IT IS SO ORDERED.**

: 00

Initials of Preparer   SE